UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN W. SINGER,

Plaintiff,

v. Case No. 8:25-CV-02200-SPF

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

# ORDER

Plaintiff seeks judicial review of the Commissioner's denial of his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

## I. Procedural Background

Plaintiff applied for a period of disability, DIB, and SSI in August 2023 (Tr. 243–58). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 74, 81, 147–54). Plaintiff then requested an administrative hearing (Tr. 168–69). Per Plaintiff's request, the ALJ held a hearing on December 3, 2024, at which Plaintiff appeared and testified (Tr. 39–64). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 16–38). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr.

1–5). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff was born in 1972 and claimed disability beginning May 10, 2016[1] (Tr. 243). Plaintiff obtained a high school education (Tr. 276). Plaintiff's past relevant work experience included work as a bartender, food service manager, and paving laborer (*Id.*). Plaintiff alleged disability due to high blood pressure, PTSD, chronic depression, anxiety, club foot, psoriasis, psoriatic arthritis, and deterioration of his left knee, pelvis, and right shoulder (Tr. 275).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2026, and had not engaged in substantial gainful activity since May 10, 2016, the alleged onset date (Tr. 22). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disc disease (DDD) of the lumbar, thoracic and cervical spine, degenerative joint disease (DJD) of the left knee, complete tear of left knee anterior cruciate ligament (ACL), DJD of the right shoulder, arthropathy of the right ankle, post-traumatic stress disorder (PTSD), generalized anxiety disorder (GAD), major depressive disorder (MDD) and substance abuse disorder (opioid dependence) (*Id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 23). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with limitations:

[1] Plaintiff was previously awarded benefits on November 2, 2018, which were discontinued in August 2023 (Tr. 65–73; Doc. 17 at 2 n.1).

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift up to 20 pounds occasionally and lift and carry up to 10 pounds frequently; stand or walk for approximately 6 hours in an 8 hour workday and sit for approximately 6 hours in an 8 hour workday with normal breaks; he can occasionally climb ladders, ropes or scaffolds; he can occasionally climb ramps or stairs; he can occasionally balance, stoop, kneel, crouch and crawl; he will be limited to only occasional overhead reaching; he will be limited to understanding, remembering, carrying out and performing simple routine task and instruction with reasoning level 1 or 2, with occasional interaction with the public and supervisors.

(Tr. 24–25). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 26).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform work as a router, housekeeping cleaner, and price marker, all jobs that exist in significant numbers in the national economy (Tr. 30). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (*Id.*).

## III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration promulgated detailed regulations to regularize the adjudicative process. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required by his or her prior work, step five of the evaluation requires the ALJ to decide whether the claimant can do other work in the national economy, given his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, it does not accord

deference to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV. Analysis

Plaintiff challenges the ALJ's decision on three grounds: (1) failure to take into account all of Plaintiff's mental health restrictions in developing his RFC, (2) failure to conduct a subjective symptom analysis, and (3) failure to establish the existence of other jobs in the national economy. For the reasons that follow, the ALJ did not apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.

### A. Incorporation of Mental Health Restrictions

Plaintiff argues that the ALJ failed to properly account for Plaintiff's mental health restrictions when developing Plaintiff's RFC. In support of this, Plaintiff highlights that though the ALJ found Plaintiff had "moderate limitations in social functioning," the ALJ failed to impose any restrictions on Plaintiff's interactions with co-workers and instead limited Plaintiff to only occasional interactions with supervisors and the public (Doc. 17 at 12).

Plaintiff further argues that the ALJ's restriction is contrary to the finding of agency doctors, Dr. Candace Mihm who found that Singer would "perform best in a limited social demand setting due to personality d/o w/ ASD traits" and contrary to the ALJ's own opinion which indicated that he was imposing an RFC "generally more restrictive" than Dr. Mihm requested (*Id.*).

Where a claimant has a "colorable claim of mental impairment," the ALJ must complete a Psychiatric Review Technique Form, ("PRTF"), to assess the claimant's functional limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Moore*, 405 at 1213–14; 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ then incorporates the results of the PRT into the findings and conclusions at steps four and five of the sequential evaluation process. *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But the PRTF is separate from the ALJ's evaluation of a claimant's RFC, which is an assessment of a claimant's maximum ability to do work despite her impairments. The mental RFC is a more detailed assessment of the claimant's ability to function. *Id.* In other words, an ALJ must be more thorough in evaluating a claimant's RFC at step four than in assessing the severity of mental impairments at steps two and three.

Here, the ALJ concluded that Plaintiff had moderate limitations in the areas of understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace but only a mild limitation in the area of adapting or managing oneself (Tr. 23–24). The ALJ also found at steps two and three that Plaintiff had severe mental impairments but did not have an impairment or combination of impairments that met or equaled a listed impairment. (Tr. 22–23). Consequently, the ALJ

proceeded through the sequential evaluation process and assessed Plaintiff's RFC. The ALJ clarified that "[t]he following residual functional capacity assessment reflects the degree of the limitation the undersigned has found in the 'paragraph B' mental function analysis." (Tr. 23). Specifically, the ALJ included the following relevant limitation in Plaintiff's RFC: "he will be limited to understanding, remembering, carrying out and performing simple routine task and instruction with reasoning level 1 or 2, with occasional interaction with the public and supervisors" (Tr. 25).

In addressing Plaintiff's argument, the Court first notes that the ALJ found Dr. Mihm's opinion to be largely unpersuasive (Tr. 29). Moreover, though the ALJ adopted an RFC that was "*generally* more restrictive" than what was proposed by Dr. Mihm, an ALJ is not required to adopt into an RFC every limitation from a state agency opinion (*Id.* (emphasis added)). *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). "Rather, the assessment of a claimant's RFC is within the exclusive province of the ALJ." *Guth*, 2022 WL 8211404 at *9.

Here, Plaintiff cites no support for his contention that a finding of "moderate limitations interacting with others" required the ALJ to include a specific instruction limiting Plaintiff's interactions with coworkers in Plaintiff's RFC (Doc. 17 at 12). As explained by the Eleventh Circuit, "there is no requirement that the residual functional capacity assessment list work limitations that the claimant does not have." *Patterson v. Comm'r, Soc. Sec. Admin.*, No. 23-13317, 2025 WL 2364749, at *3 (11th Cir. Aug. 14, 2025). In this instance, by only including limitations on interactions with supervisors and the general public, the ALJ implicitly concluded that Plaintiff's moderate limitation in interacting with others did not substantially affect his ability to engage with coworkers. Substantial evidence supports this implicit finding. Though the record supports that Plaintiff suffered from social anxiety,

Plaintiff's medical records and assessments also reflect that he was able interact with others on an individual basis appropriately. For example, at hearing, Plaintiff testified that his social anxiety occurred when interacting in large groups, such a navigating down a crowded aisle in a grocery store, not in contained, established social environments (T. 57). Moreover, as acknowledged by the ALJ, Plaintiff's medical records and psychiatric evaluations consistently depicted that Plaintiff had appropriate communication skills (Tr. 23, 28, 1193–1368, 2715–2718). Specifically, psychologist Cherrolyn C. Smith, PhD found that Plaintiff "show[ed] no significant deficits" and "convey[ed] cognitive and memory functioning . . . within normal limits" (Tr. 2717). Accordingly, substantial evidence supports the ALJ's finding that Plaintiff did not require a coworker interaction limitation. *See id.* at *2–3 (affirming the ALJ's RFC determination which solely limited the plaintiff's interactions with the general public, not coworkers or supervisors, despite the ALJ's PRTF finding of a moderate limitation interacting with others); *Kayla I. o/b/o Pamela I. v. Comm'r, Soc. Sec. Admin.*, No. 1:22-CV-2720-JSA, 2024 WL 6874560, at *10 (N.D. Ga. Feb. 13, 2024) ("[T]he ALJ properly accounted for the Claimant's moderate limitation in interacting with others in the RFC assessment by limiting the Claimant to only "occasional" interaction with the public, but did not include any specific limitations on her ability to interact with coworkers or supervisors, other than limiting her to 'simple and routine tasks' and 'gradual and infrequent workplace changes.'").

**B. Subjective Symptom Analysis**

Plaintiff argues that the ALJ erred in failing to explain how Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were inconsistent with the evidence of record (Doc. 17 at 14–19; Doc. 23 at 3–5). Specifically, Plaintiff maintains that the ALJ merely summarized Plaintiff's medical records and failed to identify how they were

inconsistent with Plaintiff's testimony (*Id.*). In response, the Commissioner argues that the ALJ properly evaluated Plaintiff's symptoms, and that Plaintiff's argument to the contrary is an impermissible reweighing of the evidence (Doc. 20 at 6–9).

In determining whether a claimant is disabled, the ALJ must consider all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). Once a claimant establishes that his or her pain or other subjective symptoms are disabling, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.'" *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 155 (11th Cir. 2021) (per curiam) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

The Eleventh Circuit has established a three-part "pain standard" for an ALJ to apply in evaluating a claimant's subjective complaints. The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(iv)). If an ALJ rejects a claimant's subjective testimony, he must articulate explicit and adequate reasons for

her decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Here, the ALJ acknowledged at length Plaintiff's testimony including that Plaintiff experienced debilitating back and knee pain, spent at least 20 hours a day laying down or with his feet elevated to avoid swelling in his legs, could not walk for more than five minutes at time, experienced pain after sitting for more than an hour, suffered mental and cognitive deficits, and struggled with daily tasks. (Tr. 25 (citing Tr. 39–64, 274–81, 313–15, 316–23)). However, in finding Plaintiff not disabled, the ALJ failed to articulate explicit or adequate reasons for discrediting Plaintiff's subjective testimony. *See Wilson*, 284 F.3d at 1225. Instead, after admitting the medical evidence record was consistent in part with Plaintiff's allegations, the ALJ merely summarized Plaintiff's medical records without identifying the ways Plaintiff's testimony was inconsistent with the evidence of record (Tr. 25–29). Specifically, in support of the credibility determination, the ALJ stated: "Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the preponderance of the evidence, including objective findings and the significant degree to which the claimant's statements about symptom severity are consistent with the evidence overall."

This Court acknowledges that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). However, where the ALJ's decision "does not shed any meaningful light on the reasons for discounting the plaintiff's testimony," the decision cannot be affirmed. *Robinson v. Astrue*, No. 8:08–cv–1824–T–TGW, 2009 WL 2386058, at *3 (M.D. Fla. Aug. 3, 2009). In

*Robinson*, the court reversed and remanded the case when the ALJ's statements regarding his credibility determination were "too general to permit meaningful judicial review." 2009 WL 2386058, at *4. Similarly, in *McCauley v. Comm'r of Soc. Sec.*, the court was unpersuaded by the ALJ's summarization of the evidence without a corresponding analysis. No. 2:16-CV-584-FTM-MRM, 2017 WL 4297239, at *9 (M.D. Fla. Sept. 28, 2017) ("While a summarization of the evidence likely provides facts in support of reasons to discount Plaintiff's credibility . . . because the ALJ did not state specific reasons for discounting Plaintiff's credibility . . . the Court cannot find that the ALJ articulated explicit and adequate reasons for discounting Plaintiff's credibility."); *see also Milner v. Berryhill*, No. 3:17-CV-257-GMB, 2018 WL 3613994, at *7 (M.D. Ala. July 27, 2018) ("Indeed, there is a significant difference for the purposes of a social security appeal between summarizing evidence and analyzing it. And it is the responsibility of the ALJ to conduct the appropriate legal analysis and his written decision must include sufficient reasoning to permit the court to determine he has done so.") (citations and quotations omitted); *Johnson v. Colvin*, No. 2:13CV776-TFM, 2014 WL 2920847, at *4 (M.D. Ala. June 27, 2014) ("It is the responsibility of the ALJ to conduct the appropriate legal analysis and his written decision must include sufficient reasoning to permit the court to determine he has done so."). Here, as in the above cases, the ALJ's analysis, or lack thereof, is insufficient to allow the court to determine that the ALJ's reasoning is supported by substantial evidence.

**C. Remaining Issue**

The remaining issue presented by Plaintiff need not be addressed because the case is being remanded to the Commissioner for further consideration. *See, e.g.*, *Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address

plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017) (finding it appropriate to omit discussion of two other contentions raised by claimant in light of a remand, which would generate a new decision). On remand, the Commissioner should reassess the entire record and articulate explicit and adequate reasons in making a credibility determination of Plaintiff.

## V. Conclusion

Based on the foregoing, the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and based upon the proper legal standards.

IT IS ORDERED:

1. The decision of the Commissioner is reversed and remanded for further consideration consistent with this opinion.
2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on September 4, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE